UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KENNETH D. BELL, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Case No. 1:20-cv-00032-SEP |
| | ) |
| JASON LEWIS, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Petitioner Kenneth D. Bell's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Doc. [1]. For the reasons set forth below, the petition is denied.

**FACTS AND BACKGROUND**

The Missouri Court of Appeals described the pertinent facts as follows:

Bell was charged with two counts of first-degree murder and one count of armed criminal action for the death of Shannon James ("James") and James's girlfriend, Misty Cole ("Cole"). Bell, James, and Cole lived in the same apartment building. On February 7, 2013, around 11:30 p.m., Bell and his brother were smoking cigarettes on a sidewalk behind Bell's apartment building. James and his friend Argentry Marshall ("Marshall") walked on the sidewalk towards Bell. As James and Marshall approached, Bell and his brother remained standing in the middle of the sidewalk. Marshall decided to walk around, but James stayed on the sidewalk and bumped into Bell. After a brief verbal altercation, Bell went into his apartment, which had an exterior door in the back of the apartment building. Bell's girlfriend, who was sitting at the kitchen table, asked Bell what was going on. Without replying to his girlfriend, Bell retrieved a gun from his kitchen and walked through his apartment's front door and into a shared foyer area in the apartment building.

Meanwhile, James and Marshall had been walking toward the front door of the apartment building, which opened into the shared foyer area. As James opened the front door, Marshall saw Bell through a window. Bell was standing in the foyer area brandishing a gun. Marshall decided against going inside because of Bell's gun, but James decided to go inside. Marshall watched James walk through the small foyer and to the front door of his apartment. Cole opened the door for James from inside of their apartment. Marshall testified that he saw the door to James's apartment open, but that he immediately turned and walked away. As Marshall started to walk away, he testified that he heard three to four gunshots, then a slight pause, and then a couple more. Marshall called 911 as he ran away. After officers had arrived on the scene, an officer saw the silhouette of a person in a nearby

alleyway. After a short pursuit, police apprehended the silhouetted person, who was identified as Bell. Police conducted a pat-down search of Bell at the police station and found cocaine in his rear pants pocket. Bell also tested positive for gunshot residue.

As police assessed the scene, officers found Cole's dead body in the doorway of her shared apartment with James. Officers found James's dead body inside the apartment. Both Cole and James suffered fatal gunshot wounds. Officers found six spent bullet casings and 11 spent bullets nearby, all of which were the same brand (R & P Luger 9mm). Police also searched Bell's apartment and found an assortment of live and spent bullets and shell casings, and an empty gun holster. A semi-automatic gun was found on the roof of a house next-door to the apartment complex. The gun fit inside the empty holster found in Bell's apartment, and DNA taken from the gun matched Bell's DNA. All of the bullets inside the gun were the same R & P Luger 9mm rounds found near the victims. A criminalist testified at trial that all eighteen spent bullet casings were fired from the gun. The criminalist was unable to say with scientific certainty, but the physical evidence was consistent with the gun having fired the spent bullets. An autopsy confirmed that the victims died of gunshot wounds, James was shot several times and died of a gunshot wound to the head; Cole was shot six or seven times, with several of the wounds possibly fatal.

*State v. Bell*, 488 S.W.3d 228, 232-33 (Mo. Ct. App. 2016); Doc. [8-6] at 2-4.

Bell was charged with two counts of first-degree murder and one count of armed criminal action. A jury convicted him on all three counts, and he was sentenced to life in prison without the possibility of parole. He appealed directly from that judgment, claiming the trial court erred by admitting an improperly obtained confession and allowing the State to introduce evidence of a prior uncharged bad act at trial. The Missouri Court of Appeals agreed with Bell as to his first claim and found that the improperly admitted confession prejudiced him, but only as to the differential premeditation element between first- and second-degree murder. It reversed the trial court's judgment and remanded with instructions to allow the State to either retry Bell or to accept lesser convictions for second-degree murder. The State opted to accept lesser convictions of second-degree murder, and Bell was resentenced to life imprisonment on two counts of second-degree murder and thirty years for armed criminal action, with all sentences to run consecutively.

Bell filed a Missouri Rule 29.15 motion for post-conviction relief, which the motion court denied after an evidentiary hearing. Doc. [8-8] at 149. He appealed, and the Missouri Court of Appeals affirmed the motion court's denial of post-conviction relief on the merits. Doc. [8-11]. Bell now seeks habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254.

2

## LEGAL STANDARD

"In the habeas setting, a federal court is bound by the AEDPA [Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (citing 28 U.S.C. § 2254). For a federal court to grant an application for a writ of habeas corpus, the petitioner must show that the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). A determination of a factual issue made by a state court is presumed correct unless the petitioner successfully rebuts the presumption of correctness by clear and convincing evidence. *Id.* § 2254(e)(1).

A state court's decision is "contrary to" clearly established Supreme Court precedent "if the state court either 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the] precedent.'" *Penry v. Johnson*, 532 U.S. 782, 792 (2001) (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). An unreasonable application of clearly established Supreme Court precedent occurs where "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts" of the case. *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004). And a state court's decision is an unreasonable determination of the facts "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Id.*

## DISCUSSION

Bell's petition asserts seven grounds for relief. He presented the first two grounds on direct appeal. In Ground One, Bell argues that the trial court erred in admitting his confession. Doc. [1] at 4. In Ground Two, Bell claims the trial court erred in allowing the State to introduce evidence of an uncharged act. *Id.* at 6. Bell presented his third through seventh grounds in his post-conviction motion and his appeal of the motion court's denial of that motion. In Grounds Three through Six, he brings claims for ineffective assistance of direct appeal counsel. Doc. [1-1] at 2-18. In Ground Seven, he claims ineffective assistance of trial counsel. *Id.* at 19.

3

I.  **Trial Error Claims**

   A. **Ground One**

In Ground One, Bell alleges that the "Trial Court erred in failing to suppress [his] confession." Doc. [1] at 4. He asserts that "police officers did not cease interrogation [and] questioning when [he] stated he wanted a lawyer present [and] did not wish to speak with officers." *Id.* Bell raised that claim on direct appeal. The Missouri Court of Appeals found that the trial court erred and should have suppressed Bell's confession. Doc. [8-6] at 2. The court found that this error was not harmless as to first-degree murder but was harmless beyond a reasonable doubt as to second-degree murder, so it reversed and remanded for the State to either retry Bell for first-degree murder or accept the lesser-included offense of second-degree murder. *Id.* at 24-27; *see also see Chapman v. California*, 386 U.S. 18, 24 (1967) ("[B]efore a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt."). The State accepted second-degree murder. As a threshold matter, the Court finds that the Missouri Court of Appeals adjudicated Bell's claim "on the merits" within the meaning of § 2254(d). *See Johnson*, 568 U.S. at 301.

Because the Court of Appeals adjudicated his claim on the merits, Bell cannot obtain habeas relief under § 2254(a) unless the decision was either "contrary to, or involved an unreasonable application of, clearly established Federal law" under § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" under § 2254(d)(2).

This Court cannot adjudicate Ground One as it applies to Bell's first-degree murder conviction because there is no ongoing controversy with respect to that conviction. Because the Missouri Court of Appeals ordered remand and reversal as to first-degree murder conviction on the very issue Bell raises in Ground One, this Court cannot provide his requested relief. "A case that no longer presents a live case or controversy is moot, and a federal court lacks jurisdiction to hear the action." *Minn. Humane Soc'y v. Clark,* 184 F.3d 795, 797 (8th Cir. 1999). Ground One is moot as to the first-degree murder conviction.

As to Bell's conviction for second-degree murder, the Missouri Court of Appeals found that the testimony of several witnesses and the physical evidence "overwhelmingly pointed to Bell as the shooter." *Id.* at 32. As a result, it concluded "that admitting Bell's confession was harmless error beyond a reasonable doubt with respect to second-degree murder" because "the

4

suppression of Bell's confession would have had no impact on the jury's decision to find the facts necessary to support a conviction of murder in the second degree." *Id.* at 32-33.  The Missouri Court of Appeals reasonably applied federal law, including the harmless-beyond-a-reasonable-doubt standard.  *See id.* at 23-27; *see also Chapman*, 386 U.S. at 24.  In addition, its factual findings are "presumptively correct" and "enjoy support in the record." *Ryan*, 387 F.3d at 790.  Nothing in the petition or the state-court records suggests that the Court of Appeals' ruling was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2).  Accordingly, the Court denies Bell's first ground for habeas relief.

    **B.  Ground Two**

In Ground Two, Bell alleges that the "Trial Court erred in allowing State to introduce evidence of uncharged Act[]" as he "was in possion [sic] of cocain[e] supposedly upon arrest and was never charged with it. Trial Court allowed the prosecutor to introduce this cocaine into evidence [and] present it to the Jury during trial." Doc. [1] at 6.

While the Missouri Court of Appeals found that the cocaine possession was "neither logically nor legally relevant to whether Bell committed murder," it also found that its admission did not prejudice Bell because the State provided "overwhelming evidence to convict Bell of second-degree murder and armed criminal action," and it was "unlikely that the jury attached significant probative value to the improperly admitted cocaine evidence" when it did not relate directly to murder. Doc. [8-6] at 32-33.  This Court finds that the Missouri Court of Appeals adjudicated Bell's claim "on the merits" within the meaning of § 2254(d).  *See Johnson*, 568 U.S. at 301.

Because the Court of Appeals adjudicated his claim on the merits, Bell cannot obtain habeas relief under § 2254(a) unless the decision was either "contrary to, or involved an unreasonable application of, clearly established Federal law" under § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" under § 2254(d)(2).

Questions regarding admissibility of evidence are matters of state law, and they are reviewed in federal habeas inquires only to determine whether an alleged error infringes upon a specific constitutional protection or is so prejudicial as to be a denial of due process." *Logan v. Lockhart*, 994 F.2d 1324, 1330 (8th Cir. 1993).  Bell does not allege a violation of his constitutional rights.  "[T]here is no due process violation simply because a trial court admits

5

evidence of a defendant's uncharged bad acts." *Harris v. Bowersox*, 184 F.3d 744, 752 (8th Cir. 1999). And the Missouri Court of Appeals found that Bell was not prejudiced by the admission of the evidence. Doc. [8-6] at 32-33. This Court takes "no issue with the Missouri court's application and interpretation of its evidentiary rules." *Skillicorn v. Luebbers*, 475 F.3d 965, 974 (8th Cir. 2007) (citing *Schleeper v. Groose*, 36 F.3d 735, 737 (8th Cir. 1994)). The factual findings of the Missouri Court of Appeals, moreover, are "presumptively correct" and "enjoy support in the record." *See Ryan*, 387 F.3d at 790. Nothing in Bell's petition or the state-court records suggests that the Court of Appeals' ruling was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2). Accordingly, the Court denies Bell's second ground for habeas relief.

## II.     Ineffective Assistance of Counsel Claims

In Grounds Three through Six, Bell brings claims for ineffective assistance of direct appeal counsel. Doc. [1-1] at 2-18. In Ground Seven, he claims ineffective assistance of trial counsel. Doc. [1-1] at 19. Bell presented all of his ineffective assistance of counsel claims in his post-conviction motion and his appeal of the denial of that motion. The Missouri Court of Appeals denied each of those claims on the merits.

Because the Missouri Court of Appeals adjudicated those claims on the merits, Bell cannot obtain habeas relief under § 2254(a) unless the decision was either "contrary to, or involved an unreasonable application of, clearly established Federal law" under § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" under § 2254(d)(2). To grant relief under § 2254, the Court must conclude that the state court unreasonably applied the *Strickland* test or that, in reaching its conclusions regarding the performance of Bell's attorney, it made unreasonable factual conclusions. *Gabaree v. Steele*, 792 F.3d 991, 998 (8th Cir. 2015). *Strickland* requires Bell to show that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The same standard applies for claims of ineffective assistance of direct appeal counsel. *Oxford v. Delo*, 59 F.3d 741, 746 (8th Cir. 1995). "Effective appellate counsel should not raise every nonfrivolous argument on appeal, but rather only those arguments most likely to succeed." *Davila v. Davis*, 137 S. Ct. 2058, 2067 (2017) (citing *Smith v. Murray*, 477 U.S. 527, 536 (1986)).

6

When an ineffective assistance claim has been addressed by the state court, this Court bears in mind that, "[t]aken together, AEDPA and Strickland establish a 'doubly deferential standard' of review." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 202 (2011)). In the habeas context, it is not sufficient for a petitioner to "show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance." *Bell v. Cone*, 535 U.S. 685, 698-99 (2002). "Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id.* at 699. "This standard was meant to be difficult to meet, and 'even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.'" *Williams*, 695 F.3d at 831 (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)). "If the state court reasonably could have concluded that [the petitioner] was not prejudiced by counsel's actions, then federal review under AEDPA is at an end." *Id.* at 832 (internal quotation marks omitted).

**A. Ground Three**

In Ground Three, Bell alleges that "Appellate Counsel was ineffective for failing to raise on direct appeal the trial court's error in refusing to submit a self-defense instruction to the Jury." Doc. [1-1] at 2. Specifically, Bell claims that he and a witness heard one of the victims threaten to kill Bell, so Bell feared for his life. *Id.* at 2. Bell presented that claim in his post-conviction appeal, and the Missouri Court of Appeals denied it on the merits.

The Missouri Court of Appeals affirmed the motion court's conclusion that Bell's counsel on direct appeal was not deficient for failing to raise on appeal the trial court's refusal to instruct the jury on self-defense. Doc. [8-11] at 7-8. It based that conclusion on appellate counsel's testimony in which he stated that he did not appeal the trial court's refusal because he was aware of controlling law making it unlikely for that claim to succeed.[1] *Id*. The Missouri Court of Appeals determined that appellate counsel used sound strategic judgment in not raising this claim on appeal, as failing to raise meritless claims is not ineffective assistance. *Id*.

The Missouri Court of Appeals' application of *Strickland* was reasonable. *See Deck v. Jennings*, 978 F.3d 578, 584 (8th Cir. 2020) ("[d]eclining to raise a claim . . . is not deficient

---

[1] The evidence at trial showed that after Bell and James had a verbal confrontation, Bell went to his apartment to retrieve a gun and then went to James's apartment to continue their fight. *See* Doc. [8-11]. The Missouri Supreme Court has held that self-defense is not available where the defendant did not do "everything within [his] power, consistent with [his] personal safety, to avoid the danger and the need to take a life." *State v. Thomas*, 161 S.W.3d 377, 380 (Mo. banc 2005).

performance unless that claim was plainly stronger than those actually presented.") (quoting *Davila*, 137 S. Ct. at 2067). In addition, its factual findings are "presumptively correct" and "enjoy support in the record." *Ryan*, 387 F.3d at 790. Neither the petition nor the state-court records suggests that the Missouri Court of Appeals' ruling was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2). Accordingly, the Court denies Bell's third ground for habeas relief.

### B. Ground Four

In Ground Four, Bell alleges that "Appellate Counsel was ineffective for failing to raise on direct appeal the trial court's error in refusing to submit the lesser included offense of voluntary manslaughter" related to shooting James. Doc. [1-1] at 16.

The Missouri Court of Appeals affirmed the motion court's conclusion that Bell's counsel on direct appeal was not deficient in failing to raise on direct appeal the trial court's refusal to give a voluntary manslaughter instruction related to his shooting James. The court found that the evidence did not support a voluntary manslaughter instruction, specifically the necessary element that the crime was committed in the "heat of a sudden passion." Doc. [8-11] at 8-9. It also reasoned that the trial court was not required to instruct on voluntary manslaughter as it is not a "nested lesser included offense" of first- or second-degree murder. *Id.* at 9. The court's application of *Strickland* was reasonable. In addition, the factual findings of the Missouri Court of Appeals are "presumptively correct" and "enjoy support in the record." *Ryan*, 387 F.3d at 790. Nothing in Bell's petition or the state-court records suggests that the Missouri Court of Appeals' ruling was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2). Accordingly, the Court denies Bell's fourth ground for habeas relief.

### C. Ground Five

In Ground Five, Bell alleges that "Appellate Counsel was ineffective for failing to raise on direct appeal trial court's error in refusing to submit the lesser included offense of involuntary manslaughter" for shooting Cole. Doc. [1-1] at 17. The Missouri Court of Appeals affirmed the motion court's conclusion that "it was reasonable appellate strategy to omit [that] claim as unlikely to succeed on appeal" because the controlling law at the time of Bell's direct appeal only required counsel to determine whether prejudice resulted from the trial court's refusal to instruct the jury on the lesser offense, and Bell could not show that he was prejudiced by the failure to instruct further downward. Doc. [8-11] at 10-12. While Missouri law has since

8

changed, counsel's performance is evaluated "from the standpoint of the law as it was when the appeal was filed, and [the court will] not fault him for failure to predict future changes." *Id.* at 12. The Missouri Court of Appeals' application of *Strickland* was reasonable. Its factual findings, moreover, are "presumptively correct" and "enjoy support in the record." *Ryan*, 387 F.3d at 790. Nothing in Bell's petition or the state-court records suggests that the Missouri Court of Appeals' ruling was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2). Accordingly, the Court denies Bell's fifth ground for habeas relief.

### D. Ground Six

In Ground Six, Bell claims that "Appellate Counsel was ineffective for failing to apply for transfer to the Missouri Supreme Court concerning the remedy ordered by [the court of appeals] on direct appeal." Doc. [1-1] at 18. The Missouri Court of Appeals affirmed the motion court's conclusion finding counsel's actions reasonable based on his testimony that he did not seek transfer because he feared the Missouri Supreme Court would reinstate Bell's conviction for first degree murder. Doc. [8-11] at 12. According to the Missouri Court of Appeals, Bell did not overcome the "strong presumption" that his counsel's "decisions were made based on sound appellate strategy" by "speculating there would have been a favorable outcome from seeking discretionary review from the Missouri Supreme Court when an unfavorable outcome would have been equally, if not more, likely." *Id.* at 12-13. The Missouri Court of Appeals' application of *Strickland* was reasonable. In addition, its factual findings are "presumptively correct" and "enjoy support in the record." *Ryan*, 387 F.3d at 790. Neither Bell's petition nor the state-court records suggest that the Missouri Court of Appeals' ruling was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2). Accordingly, the Court denies Bell's sixth ground for habeas relief.

### E. Ground Seven

In Ground Seven, Bell claims that "Trial Counsel was ineffective for failing to elicit favorable testimony from defense witness David Johnson at trial." Doc. [1-1] at 19. The Missouri Court of Appeals found that Bell's trial counsel was not deficient for failing to elicit more favorable testimony from Johnson because the choice of one reasonable trial strategy over another is not ineffective assistance of counsel. Doc. [8-11] at 13-14. The court reasoned that Bell failed "to articulate how trial counsel's decisions were unreasonable . . . . Instead, he merely speculates there would have been a more favorable outcome had she made different

decisions.  This speculation is insufficient to overcome the presumption trial counsel made reasonable strategic decisions." *Id.* at 13.  The Missouri Court of Appeals' application of *Strickland* was reasonable.  And its factual findings are "presumptively correct" and "enjoy support in the record." *Ryan*, 387 F.3d at 790.  Nothing in Bell's petition or the state-court records suggests that its ruling was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2).  Accordingly, the Court denies Bell's seventh ground for habeas relief.

### III.    Certificate of Appealability

The Court finds that Bell has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can issue.  28 U.S.C. § 2253(c); *see also Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings").  Thus, the Court will not issue a certificate of appealability as to any claims raised in Bell's § 2254 petition.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Kenneth D. Bell's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, Doc. [1], is **DENIED**.

**IT IS FURTHER ORDERED** that the Court shall **NOT ISSUE** a certificate of appealability as to any claim raised in Bell's § 2254 Petition.

A separate judgment accompanies this Memorandum and Order.

Dated this 31st day of March, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE